**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**
Miami Division

**Case No. 1:20-cv-22234- MARTINEZ-BECERRA**

LINCO ENTERPRISES, INC.

    Plaintiff,

v.

OLEG FIRER, EZ CAPITAL FUND, LLC,
STAR CAPITAL MANAGEMENT, LLC,
And STAR EQUITIES, LLC,

    Defendants.

_____/

OLEG FIRER, EZ CAPITAL FUND, LLC,
STAR CAPITAL MANAGEMENT, LLC,
And STAR EQUITIES, LLC,

    Counter-Plaintiffs,

v.

LINCO ENTERPRISES, INC,

    Counter-Defendant,

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
ORDER THAT STRIKES CERTAIN AFFIRMATIVE DEFENSES OR DEEMS THEM
TO BE DENIALS AND INCORPORATED MEMORANDUM OF LAW**

Defendants / Counter-Plaintiffs OLEG FIRER ("Firer"), EZ CAPITAL FUND, LLC ("EZ Capital"), STAR CAPITAL MANAGEMENT, LLC ("Star Capital"), and STAR EQUITIES, LLC ("Star Equities") (collectively "Defendants"), by and through their undersigned counsel, respond

in opposition to Plaintiff / Counter-Defendant LINCO ENTERPRISES, INC's ("Plaintiff") Motion for Order that Strikes Certain Affirmative Defenses or Deems Them to be Denials (ECF No. 62) ("Motion") and state as follows:

## INTRODUCTION

Plaintiff's Motion takes issue with nine of the Affirmative Defenses asserted by Defendants. With respect to Defendants' Second, Third, Seventh, Eleventh, Twelfth, Eighteenth, Twentieth, and Twenty-First Affirmative Defenses, Plaintiff's argument that these affirmative defenses are legally insufficient, or should be deemed denials, is an improper attempt to contest the merits of the facts pled in these affirmative defenses, which Plaintiff is not allowed to do at the pleading stage. Plaintiff's Motion ignores that these defenses incorporate new facts that challenge Defendants' alleged liability. Therefore, they are properly alleged affirmative defenses and not simply denials. However, even if any one of these defenses was a denial, then case law holds that the proper procedure is not to strike it but rather treat it is a specific denial.

The remaining affirmative defense challenged by Plaintiff is the First Affirmative Defense. Defendants do not oppose striking this affirmative defense.

## LEGAL STANDARD

"The striking of affirmative defenses is a 'drastic remedy' generally disfavored by courts." *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia,* 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011).

"Under Rule 8(c), an affirmative defense is sufficient when it places the plaintiff and the court on notice of issues Defendant intends to assert against Plaintiff's claims." *McLendon v. Carnival Corp.*, No. 20-CV-24939, 2021 WL 848945, at *2 (S.D. Fla. Mar. 5, 2021). "Motions to strike should not be used to obtain a summary adjudication on the merits." *Achievement & Rehab. Centers, Inc. v. City of Lauderhill,* No. 12-61628-CIV, 2012 WL 6061762, at *1 (S.D. Fla.

2

Dec. 6, 2012).

## MEMORANDUM OF LAW

**A. Second Affirmative Defense.**

Defendants' Second Affirmative Defense asserts that Plaintiff's claims are derivative in nature. Plaintiff argues this affirmative defense should be stricken because Plaintiff alleges its claims are direct claims. Plaintiff's Motion alleges that its claims are direct claims because Plaintiff alleges that "it invested $1,480,000 as result of misrepresentations made to it by the other members who misrepresented contributions in excess of six million dollars to the Closely Held Companies" and that "[t]he other members, Star Equities and Mr. Gelman, did not sustain any losses as they invested nothing in the Closely Held Companies." (ECF No. 62 at 12-13). Plaintiff cites no support for its allegation that the other members did not sustain any losses. *Id.* Plaintiff further alleges the claims are not direct claims because Plaintiff alleges that Defendants allegedly violated state and federal securities laws. (ECF No. 62 at 13).

When "analyzing whether a claim is derivative or direct, [the court] looks to the nature of the alleged wrong rather than the designation used by the plaintiff in the complaint." *Trondheim Cap. Partners, LP v. Life Ins. Co. of Alabama*, No. 4:19-CV-1413-KOB, 2020 WL 7223375, at *6 (N.D. Ala. Dec. 8, 2020). "If the gravamen of the complaint is injury primarily to the corporation or to the shareholders generally, then the claim belongs to the corporation and the shareholder's right to bring the action derives from the corporation." *Kammona v. Onteco Corp.*, 962 F. Supp. 2d 1299, 1303 (S.D. Fla. 2013), *aff'd*, 587 F. App'x 575 (11th Cir. 2014).

Florida law states that "[a]n action may be brought directly only if (1) there is a direct harm to the shareholder or member such that the alleged injury does not flow subsequently from an initial harm to the company and (2) there is a special injury to the shareholder or member that is

3

separate and distinct from those sustained by the other shareholders or members." *Triton II, LLC v. Randazzo,* No. 18-CV-61469, 2018 WL 4932342, at *5 (S.D. Fla. Oct. 10, 2018) (citing *Dinuro Invs., LLC v. Camacho*, 141 So. 3d 731, 739-40 (Fla. 3d DCA 2014))

*Dinuro Invs., LLC v. Camacho* identified an exception to the above two-part test "if some separate duty is owed from a defendant to the plaintiff shareholder or member, usually granted by contract or statute." 141 So. 3d 731, 740 (Fla. 3d DCA 2014). "However, the express terms of the statute seem to do away with the separate statutory duty exception articulated in *Dinuro*." *Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC*, 349 F. Supp. 3d 1316, 1326 (S.D. Fla. 2018). "Accordingly, only if there is a contract—like an LLC's operating agreement—allowing plaintiff members to bring direct claims against other members or managers, can a plaintiff bring a direct action without needing to satisfy the two-prong test." *Id.*

In some circumstances, even securities fraud claims and claims based on fraud in the inducement may be required to be brought as derivative claims. *See Kammona v. Onteco Corp.,* 962 F. Supp. 2d 1299,1302 (S.D. Fla. 2013*), aff'd,* 587 F. App'x 575 (11th Cir. 2014) (stating that securities fraud claim was derivative); *c.f. Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC*, 349 F. Supp. 3d 1316,1328-1329 (S.D. Fla. 2018) (stating that a fraudulent inducement claim was direct because no allegations made that statements were made to non-plaintiff members were also fraudulently induced to invest).

In *Medkser v. Feingold*, 307 F. App'x 262, 263 (11th Cir. 2008), the plaintiff alleged that the defendants engaged in fraud and civil conspiracy to induce them to invest in a hedge fund. The Eleventh Circuit found that the securities fraud claims were direct because the complaint alleged that other investors "may" have heard the misrepresentations in addition to the plaintiff. However, with respect to a civil conspiracy claim, the court found such claim is a derivative claim because

the plaintiffs alleged the defendants converted their funds by transferring the funds to their personal accounts, and such claim is indistinguishable from self-dealing and mismanagement types of claims, which traditionally are derivative. *Id.*

In this case, Plaintiff makes allegations that are, at their core, similar to the self-dealing and mismanagement claims that result in an injury not only to Plaintiff but to other members. Plaintiff's Second Amended Complaint (ECF No. 59) ("SAC") alleges that Plaintiff, Star Equities, and non-party Gelman were not the only members of EZ Capital because the SAC alleges that non-party Roman Khomenko was also a member of EZ Capital. (ECF No. 59 ¶ 32(a), 33, 36). The SAC alleges mismanagement of EZ Capital by Gelman and Firer, and the SAC alleges that Firer and Gelman "drained" EZ Capital and ultimately wanted to keep for themselves the funds of Plaintiff. (ECF No. 59 ¶¶ 32(c), 32(d), 71, 108). Plaintiff's SAC admits there was no required special injury to Plaintiff that is separate and distinct from those sustained by the other members because Plaintiff alleges that it suffered injury because the "defendants added no capital contributions of their own" and the "defendants misused Linco's contributions in business enterprises operated for the benefit of Firer, Gelman, and affiliated persons." (ECF No. 59 ¶¶ 108). Even if true (Defendants contest Plaintiff's allegations), the cause of the injury, and the injury, alleged by Plaintiff would be felt by all the members equally because contributions are owed to the entities and Plaintiff expressly pleads that there were members to EZ Capital that are not defendants to this case such that all members of EZ Capital would have been injured by the alleged misuse of Plaintiff's contributions. *Triton II, LLC v. Randazzo*, No. 18-CV-61469, 2019 WL 1777726, at *7 (S.D. Fla. Apr. 23, 2019) ("Here, Triton transferred funds to CVH Florida, and upon transfer, they became property of the LLC"). Accordingly, the Motion should be denied because the Second Affirmative Defense is legally sufficient and/or the Second Affirmative

Defense raises substantial questions of law and fact better decided after factual development. *See Achievement & Rehab. Centers, Inc.,* 2012 WL 6061762*,* at 1 (denying motion to strike) ("These defenses are not patently frivolous or clearly invalid as a matter of law. They each at least raise substantial questions of law better decided after factual development. . . [t]he extent to which these defenses are viable or not is best decided in another setting").

### B. Third, Eleventh, and Twelfth Affirmative Defense.

Plaintiff's argument that Defendants' Third, Eleventh, and Twelfth Affirmative Defenses are merely denials should be denied.

Defendants' Third Affirmative Defense introduces new facts outside of the SAC, and that form a basis for Defendants' defense to Plaintiff's claims. *Confianca Mudancas E Transportes LTDA v. Confianca Moving, Inc*., No. 09-21763-CIV, 2009 WL 10667442, at *2 (S.D. Fla. Dec. 23, 2009) (internal citations and quotations omitted) ( "An affirmative defense is defined as '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true'"). Specifically, Defendants' Third Affirmative Defense alleges various facts that go to the due diligence conducted by Plaintiff prior to making its alleged contributions, and that go to Plaintiff's alleged reliance, which is a defense to Plaintiff's claims. (ECF No. 60 at Third Affirmative Defense); *Gochnauer v. A.G. Edwards & Sons, Inc.*, 810 F.2d 1042, 1047 (11th Cir. 1987)("This Circuit requires 'reasonable reliance' upon the material misrepresentations, a test of subjective reliance tempered by the requirement of 'due diligence' on the part of the plaintiff.")

With respect to the Eleventh Affirmative Defense and Twelfth Affirmative Defenses, the Eleventh Affirmative Defense alleges that the SAC fails to state a cause of action because no misrepresentations were committed during the sale of securities, and even if there were, such

misrepresentations were not the proximate cause of Plaintiff's loss.  Thus, Defendants' Eleventh Affirmative Defense is an affirmative defense because it raises new facts and arguments in response to Plaintiff's allegations in the SAC. Similarly, Defendants' Twelfth Affirmative Defense makes factual allegations that form the basis for why Plaintiff should not be awarded punitive damages.

In sum, the Third, Eleventh, and Twelfth Affirmative Defenses are affirmative defenses because they raise new facts and arguments.

### C. Seventh Affirmative Defense.

Defendants' Seventh Affirmative Defense properly raises facts and arguments to show exactly why Plaintiff is not a dissociated member entitled to inspect the books and records of Star Capital.

Plaintiffs' argument that this defense is legally insufficient appears to rest on the allegation that any transfer of an interest in a limited liability company causes a member to be a dissociated member.  (ECF No. 62 at 13).  Specifically, Plaintiff alleges the Seventh Affirmative Defense is legally insufficient because Plaintiff alleges that "a member's transfer of its interest in a limited liability company causes dissociation from the company" under Fla. Stat. § 605.0602(5)(b) and Plaintiff alleges that Defendants therefore admit Plaintiff is a dissociated member by alleging in the defense that Plaintiff sought to and did, sell Plaintiff's interest in Star Capital.  Plaintiff is misstating the law.

A transfer, in whole or in part, of a transferable interest "does not by itself cause a member's dissociation . . ." Fla. Stat. § 605.0502(1)(b). Furthermore, on its face, Fla. Stat. § 605.0602(5)(b), does not apply to every instance where there is a transfer of interest because Fla. Stat. § 605.0602(5)(b) is premised on the condition that "[t]he person is expelled as a member by

7

the unanimous consent of the other members if any of the following occur . . . ." *Id.* If every transfer of a member's interest caused dissociation under Section 605.0602(5)(b), then Fla. Stat. § 605.0502(1)(b) would be meaningless.

There is no allegation in the pleadings that Plaintiff was expelled from Star Capital such that Fla. Stat. § 605.0502(1)(b) would apply. In fact, Plaintiff alleged, in the SAC, that Plaintiff withdrew from Star Capital. (ECF No. 59 ¶ 120). Defendants' Seventh Affirmative Defense properly introduces new facts in response to Plaintiff's claims of withdrawal, namely that Plaintiff sought to, and did, sell Linco's interest in Star Capital through the Class B Common Share Purchase Agreement. (ECF No. 60 at Seventh Affirmative Defense). Plaintiff's argument against the Seventh Affirmative Defense is based on the incorrect statement of law that every transfer of membership interest results in a member being a dissociated member. Plaintiff's Motion with respect to the Seventh Affirmative Defense should thus be denied because it is legally incorrect and because it makes "legal conclusions that depend upon the determination of contested factual issues" which are not appropriate at the pleading stage. *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1331 (S.D. Fla. 2011).

**D. Eighteenth, Twentieth, and Twenty-First Affirmative Defenses.**

The Eighteenth Affirmative Defense states that Defendant's alleged actions were not the proximate cause for Plaintiff's loss. Additionally, the Twentieth and Twenty-First Affirmative Defense assert that Plaintiff's claims are barred by the doctrine of impossibility and commercial impracticability, respectively. With respect to Star Capital, the defenses each assert, due to the COVID-19 pandemic, that Star Capital's assets suffered which caused a loss to all members of Star Capital, which caused any loss for which Plaintiff complains of in this case. With respect to EZ Capital, the defenses each assert that non-party VG Financing is the primary asset of EZ Capital

and that due to the COVID-19 pandemic, the business of VG Financing suffered, and therefore EZ Capital suffered as well, and caused a loss to all members of EZ Capital, and any loss for which Plaintiff complains of in this case.

First, Plaintiff argues that these defenses are merely denials and should be stricken (ECF No. 62 at 8-9), but as set forth above they are affirmative defenses because they raise new facts and arguments, and even if they were found to be denials, they should be treated as specific denials and not be stricken. Second, Plaintiff argues that these defenses are legally insufficient in that they only exist as an excuse for nonperformance in breach of contract cases and cannot be used a defense to Plaintiff's tort or fraud claims. (ECF No. 62 at 14). Through each of the defenses, Defendants are alleging that the alleged loss suffered by Plaintiff was not a but-for consequence of the alleged misrepresentations, acts, or omissions, but was rather substantially caused by the appearance of a supervening or external event. Defendants' assertion of this type of defense, in response to Plaintiff's claims, is nothing new and has been analyzed by courts throughout the country when ruling on securities fraud cases, and other fraud-related cases as well. For example, in *Patel v. Patel*, 761 F. Supp. 2d 1375, 1381 (N.D. Ga. 2011), a court found that the plaintiff had not adequately alleged loss causation because the plaintiff had not offered facts distinguishing losses caused by the defendants from intervening events that wreaked havoc on the markets as a whole. In a similar way, in *Bastian v. Petren Res. Corp.,* 892 F.2d 680, 684 (7th Cir. 1990), the Seventh Circuit analyzed whether the plaintiff's investment was wiped out by the collapse in oil prices and not because of defendants' alleged misrepresentations. In *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 772 (2d Cir. 1994), the Second Circuit ruled that the timing of the losses suggested that the real estate market crash was a substantial cause for plaintiff's loss, and therefore plaintiff could not satisfy the elements for its RICO claim.

In a similar way to the cases cited above, here, the COVID-19 pandemic was a supervening event that interrupted the causal chain between the Defendants' alleged misrepresentations, acts, and/or omissions and any alleged loss suffered by Plaintiff. The financial havoc brought by the COVID-19 pandemic was the cause of any loss suffered by Plaintiff. Plaintiff attempts to respond to this defense by alleging that these defenses cannot stand because Plaintiff invested in 2017 while the COVID-19 pandemic began on 2020. (ECF No. 62 at 14-15). Yet, Plaintiff filed this case in May 2020, and Plaintiff's argument that it suffered any damages prior to the COVID-19, and Plaintiff's argument that its damages were not the result of COVID-19 or the degradation of EZ Capital's primary asset, is essentially an improper argument as to legal conclusions that depend on a determination of contested factual issues, and should be therefore denied. Thus, this Court should deny Plaintiff's arguments with respect to the Eighteenth, Twentieth and Twenty-First Affirmative Defenses.

WHEREFORE, Defendants respectfully request that this Court enter an order denying Plaintiff's Motion to Strike Affirmative Defenses, and any such other and further relief as this Court deems just and proper.

Dated: May 10, 2021                                         Respectfully submitted,

**STARK WEBER PLLC**
*Attorneys for Florida Supplement, L.L.C.*
1221 Brickell Avenue
Suite 900
Miami, FL 33131
Tel: 305-377-8788
steve@starkweber.com

By:___s/Steven D. Weber_____
         Steven D. Weber

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on this 10th day of May, 2021 a copy of the foregoing has been served via the Court's CM/ECF portal to:

Sergiu Gherman
FBN: 037031
GHERMAN LEGAL PLLC
25 SE 2nd Avenue, Suite 808
Miami, Florida 33131-1603
Tel / Fax (305) 459-1551
sgherman@ghermanlaw.com

*Attorney for Plaintiff*

Paul Aiello
Florida Bar No. 0909033
BENNETT & AIELLO
3471 Main Highway, Suite 206
Coconut Grove, Florida 33133-5929
Phone: (305) 358-9011
Facsimile: (305) 358-9012
paiello@bennettaiello.com

*Attorney for Plaintiff*

                                                    By:    s/Steven D. Weber